UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK

----------------------------------------------------------------x

DAVID HALLIDAY, individually and on behalf of
all others similarly situated,                                          Case No.:

         Plaintiff,                                          CLASS ACTION
                                               JURY DEMAND

    v.

CE SOLUTIONS GROUP, LLC, CE SOLUTIONS,
INC., CE FLAGGING PLUS CORP., CE RESERVE
CORP., ARGANI, INC., HASSAN SABLINI, and
JEANNINE NAPOLEONE-COLBERT,

         Defendants.

----------------------------------------------------------------x

## **<u>INTRODUCTION</u>**

1.     Plaintiff David Halliday brings this action against his employer, Defendant CE

Solutions Group, LLC (referred to herein as "CE Solutions" or "Defendant") for unpaid overtime

wages pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq*. ("FLSA") and unpaid

overtime, prevailing wage, minimum wage and benefits pursuant to the New York Labor Law

("NYLL"), Article 6, §§ 190, Article 8, § 220, and Article 19, §§ 650 *et seq*., the supporting New

York State Department of Labor Regulations, and the New York State and New York City paid

leave statutes.

2.     Plaintiff brings this case individually, as a collective action under the FLSA, and a

class action under the NYLL, on behalf of all persons who, like Plaintiff, have worked as flag

persons ("Flaggers") for Defendant CE Solutions on private and public works construction projects

in New York City and Westchester County (the "Collective" and the "Class," respectively).

Defendant improperly classified Plaintiff and the other members of the Collective and Class as

exempt independent contractors, when, in fact, they were treated in all material respects as

employees of CE Solutions.  Defendant failed to pay Plaintiff and the other members of the

Collective and Class overtime wages at time and a half for all hours worked over 40 hours per week.  Defendant also failed to pay Flaggers the prevailing wage rates required by public works contracts, including such contracts with the City of New York and Westchester County.

3.      CE Solutions is a collection of companies, including, but not limited to, CE Solutions Group, LLC, CE Solutions, Inc., CE Flagging Plus Corp, CE Reserve Corp., and Argani, Inc.  CE Solutions specializes in providing Flaggers and traffic equipment at jobsites operated by Con Edison on or near roadways (including interstate roadways) in New York City and Westchester County.

4.      As a matter of economic realty, CE Solutions is the employer of Plaintiff and the other Flaggers and is required to pay them the applicable prevailing wages and otherwise ensure the Flaggers were paid no less than 1.5 times their hourly rate of pay for all hours worked in excess of forty (40) hours per week in accordance with state and federal law.

## JURISDICTION & VENUE

5.      Jurisdiction in this case is based on 28 U.S.C. §§ 1331, 1332 and/or 1337.  This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Jurisdiction over the state law claim is pursuant to 28 U.S.C. §1367.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant is is authorized to conduct business and has conducted substantial business in this District, has intentionally availed itself of the laws within this District, and is subject to personal jurisdiction in this District.

## PARTIES

7.      Plaintiff David Halliday is a citizen of New York State and resides in New Rochelle, New York.  From August 2018, through the present, Plaintiff has worked as a Flagger for CE Solutions and has received his paychecks from CE Solutions.  Plaintiff has been misclassified by CE Solutions as an exempt, independent contractor.  Plaintiff has not been paid

the applicable prevailing wages for his work on the public projects that CE Solutions has obtained with New York City and Westchester County and has not been paid overtime wages of time and a half for any of the work he has performed for CE Solutions in excess of forty (40) hours per week.

8.      Defendant CE Solutions Group, LLC ("CE Solutions Group") is a domestic corporation that maintains its headquarters at 159 Columbia Street, Brooklyn, New York 11231. At all relevant times, CE Solutions Group controlled and directed the terms of employment and compensation of Plaintiff and all similarly situated Flaggers.  At all times relevant, and on information and belief, CE Solutions Group has had an annual gross volume of sales in excess of $500,000.00.  At all times relevant, CE Solutions Group has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.  CE Solutions Group is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and the other Flaggers.

9.      Defendant CE Solutions, Inc. ("CES") is a domestic corporation with its principal place of business located at 259 Columbia Street, Brooklyn, New York 11231.  At all relevant times, CES controlled and directed the terms of employment and compensation of Plaintiff and all similarly situated Flaggers.  At all times relevant, and on information and belief, CES has had an annual gross volume of sales in excess of $500,000.00.  At all times relevant, CES has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.  CES is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and the other Flaggers.

10.      Defendant CE Flagging Plus Corp. ("CEFP") is a domestic corporation with its principal place of business located at 30 Jake Court, Staten Island, New York 10304.  At all relevant times, CEFP controlled and directed the terms of employment and compensation of Plaintiff and all similarly situated Flaggers.  At all times relevant, and on information and belief, CEFP has had an annual gross volume of sales in excess of $500,000.00.  At all times relevant,

CEFP has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce. CEFP is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and the other Flaggers.

11.    Defendant CE Reserve Corp. ("CER") is a domestic corporation with its principal place of business located at 3007 43rd Street, Astoria, New York 11103. At all relevant times, CER controlled and directed the terms of employment and compensation of Plaintiff and all similarly situated Flaggers. At all times relevant, and on information and belief, CER has had an annual gross volume of sales in excess of $500,000.00. At all times relevant, CER has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce. CER is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and the other Flaggers.

12.    Defendant Argani, Inc. ("Argani") is a domestic corporation with its principal place of business located at 30 Jake Court, Staten Island, New York 10304. At all relevant times, Argani controlled and directed the terms of employment and compensation of Plaintiff and all similarly situated Flaggers. At all times relevant, and on information and belief, Argani has had an annual gross volume of sales in excess of $500,000.00. At all times relevant, Argani has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce. Argani is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and the other Flaggers.

13.    Defendant Hassan Sablini ("Sablini") is a resident of New York City who owns and operates CE Solutions. At all relevant times, Sablini controlled and directed the terms of employment and compensation of Plaintiff and all similarly situated Flaggers. At all times relevant, and on information and belief, Sablini has had an annual gross volume of sales in excess of $500,000.00. At all times relevant, Sablini has employed more than two employees

and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce. Argani is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and the other Flaggers.

14.     Defendant Jeannine Napoleone-Colbert ("Napoleone-Colbert") is a resident of Brooklyn, New York. At all relevant times, Napoleone-Colbert managed and operated CE Solutions and was an "employer" of Plaintiff and all other similarly situated Flaggers. Napoleone-Colbert directed and controlled the terms of employment and compensation of Plaintiff and other similarly situated Flaggers, including hiring, firing, and controlling the work schedule and payroll.

15.     Defendants CE Solutions Group, CES, CEFP, CER, Argani, Sablini and Napoleone-Colbert are collectively referred to herein as "CE Solutions" or Defendant.

## FACTUAL ALLEGATIONS

16.     Plaintiff and other members of the Collective and Class have worked as Flaggers for CE Solutions in New York and are paid a flat rate at the minimum hourly wage (currently $15 per hour) for all hours worked.

### Flaggers Are Laborers Who Ensure Public Safety

17.     CE Solutions assigns Plaintiff and the other members of the Collective and Class to work as Flaggers at Con Edison construction sites on public and private projects. Flaggers are essential to make sure that traffic keeps flowing around construction sites and to protect the general public from potential workplace hazards caused by the construction.

18.     New York State has standard rules and regulations governing flagging practices and procedures. Flaggers are used in construction operations to provide traffic control whenever potential hazards may be present. A Flagger's main responsibility is to protect the safety of workers and the general public, deal with emergency vehicles, and follow standard flagging practices and procedures. Flaggers provide safe passage of traffic through construction work zones

and minimize risk to the general public by using standard flagging procedures, including flags, signs, cones, and other devices to alert drivers, pedestrians, and other traffic to upcoming changes in traffic flow caused by construction.

19.     Flagging is a physically demanding job that requires workers to be on their feet for long periods of time in all weather conditions.  Flagging is also very dangerous because workers are exposed to high-speed traffic and heavy equipment.

20.     Flagger positions typically require only a high school diploma or GED equivalent. CE Solutions provided Plaintiff with the necessary on the job training, a certification and standardized equipment.

### The Flaggers' Work Schedule and Rate of Pay

21.     At all relevant times, Plaintiff and the other Flaggers at CE Solutions routinely have been required to work twelve (12) hour days, five days per week, for a total of sixty (60) hours per week.  CE Solutions compensates Plaintiff and the other Flaggers at a flat rate of $15.00 per hour for all hours worked in a given week.  CE Solutions failed to pay Plaintiff and the other Flaggers overtime wages at time and a half (or the prevailing wage to which they were entitled) for hours worked in excess of forty (40) hours per week.

22.      From February to May 2022, Plaintiff and other Flaggers on his crew were required to work sixteen (16) hours per day, five days per week, for a total of eighty (80) hours per week. Plaintiff and the other Flaggers on his crew were not paid overtime wages at time and a half for all hours worked in excess of forty (40) hours per week.  There have been other periods during his tenure with CE Solutions where Plaintiff was required to, and did, work sixteen (16) hour shifts, five days per week, for a total of eighty (80) hours per week without receiving overtime pay at time and a half.

23.     Throughout Plaintiff's employment as a Flagger with CE Solutions, more than twenty-five percent of his and the other Flaggers' job duties have been physical tasks, including, but

not limited to, setting up barricades and roadblocks, directing traffic, directing construction

equipment on and off the job sites, and other assisting with whatever labor was required on the job

site.

24.     Plaintiff and the other Flaggers are entitled to applicable prevailing wages because

they are laborers within the meaning of NYLL Article 8, § 220.  In this regard, Plaintiff and other

Flaggers working for CE Solutions are positioned either on or adjacent to the construction work

sites in order to protect the public from the dangers of the worksite (by directing the flow of

pedestrian and vehicle traffic), direct the movement of construction workers with the vehicle traffic,

direct the movement of construction equipment around the job site and also assist in setting up

barriers and safety tape on and around the job sites.  Such duties entitle Plaintiff and the other

Flaggers to prevailing wages.

25.     Even on job sites that are not public works, CE Solutions failed to pay Plaintiff and

the other Flaggers overtime wages at time and a half.

**CE Solutions Employed Plaintiff and the Other Flaggers**

26.     At all relevant times, CE Solutions has maintained control, oversight, and direction

over Plaintiff and the other Flaggers who have worked for CE Solutions, including, but not limited

to, supervising and directing their work, keeping employment records, and providing the materials

and equipment for Plaintiff and the other Flaggers to perform their jobs.  At all relevant times, CE

Solutions applies the same employment policies, practices, and procedures to all Flaggers in its

operation, including policies, practice and procedures with respect to payment of wages.

27.     CE Solutions sets the work schedule for Plaintiff and the other Flaggers, including

the start and end times and the geographic location.  During his tenure with CE Solutions, Plaintiff

has worked on sites in the Bronx, Queens and Westchester County.  Typically, a CE Solutions

supervisor will inform Plaintiff and other Flaggers to meet at a specific yard, or parking lot, at a set

time.  For the past two years, Plaintiff routinely has been called to the yard located at 20 Welcher

Avenue in Peekskill, New York.   Plaintiff drives his own vehicle to the yard.   In the yard, Plaintiff

and the other Flaggers wait for instruction and directions to the work site.   Plaintiff drives his own

vehicle to the work sites.   Once a Flagger reports to the yard, they are required to perform at least a

twelve hour shift and must be available for a minimum of twelve hours.   Sometimes the shifts can

be longer.

28.     For the past six months, CE Solutions has kept track of the time logged by Plaintiff

and the other Flaggers via an App.   Plaintiff and the other Flaggers are required to log in on the App

when they receive the address for the first work site of the day and to log out of the App once the

job is finished, either at the yard or the job location.   Prior to using the App to record time, Plaintiff

and the other Flaggers submitted timesheets at end of each day to an email address provided by CE

Solutions.

29.     Plaintiff and the other Flaggers at CE Solutions are required to follow standard

company policies and procedures for performing their work.

30.     CE Solutions requires Plaintiff and the other Flaggers to wear standard uniforms

which consists of jeans, steel toe boots, hard hat, vest and a hand held radio to communicate with

partner on other side of the job, as well as a "Stop/Slow" sign and "Flagger Ahead" sign.   CE

Solutions provided Plaintiff with the hard hat, vest and hand held radio when he started working

with CE Solutions.   Plaintiff has been required to buy the necessary jeans and steel toe boots with

his own money.

31.     CE Solutions provides Plaintiff and the other Flaggers with all of the equipment

necessary to perform their job duties, including flags, cones and signage.

32.     Plaintiff and the other members of the Collective and Class are not provided with a

contract to perform work for CE Solutions and can be hired and fired at will.   In other words,

Plaintiff and the other Flaggers who work for CE Solutions are treated as employees at will.

33.     That CE Solutions has misclassified Plaintiff and the other Flaggers is further

demonstrated by the following:

    a.  Defendant instructs Plaintiff and other members of the Collective and the Class when the work was to be completed, where the work was to be performed and how the work was to be performed.

    b.  Defendant provided Plaintiff and other members of the Collective and the Class with mandatory training at CE Solutions.

    c.  Defendant established the rate of pay for Plaintiff and the other members of the Collective and the Class.

    d.  Defendant requires Plaintiff and other members of the Collective and Class to attend meetings at CE Solutions, to report to work at a specific time and to work a set minimum number of hours each shift.

    e.  Plaintiff and the other members of the Collective and the Class are essentially prohibited from performing similar services for other companies that compete with the business of CE Solutions while working for CE Solutions because the Flaggers are not informed how long a shift will last at a specific site.

    f.  Plaintiff and the other Flaggers can be terminated or suspended by CE Solutions, especially if they receive complaints from the contractors performing the repairs.

34.    Plaintiff and the other members of the Collective and the Class were "non-exempt" employees under the state and federal wage and hour law, as nothing about their pay, title, duties, or anything else qualifies them for any exemption under state or federal law. Non-exempt employees are entitled to a minimum wage for all hours worked and for overtime wages for all hours worked over 40 per week.

35.    Plaintiff and the other members of the Collective and Class were not paid overtime wages for the hours they worked over 40 per week.

36.    The exact amounts Plaintiff and the other Collective and Class members' pay was deficient of overtime pay in each given week during their employment can be determined in part by Defendant's pay records.

### The Public Works Contracts

37.    Upon information and belief, CE Solutions has entered into certain contracts, as

either a subcontractor for Con Edison or prime contractor, with public agencies to provide flagging and other construction work, including such work on New York City roadways and Westchester County roadways, or with prime contractors not currently known, to furnish labor,  material, and equipment to perform such work, including that on New York City roadways and Westchester County roadways (the "Public Works Contracts").

38.     Upon information and belief, the Public Works Contracts obligated CE Solutions to pay Plaintiff and the other Flaggers at or above the local prevailing wage rates, including any required supplemental benefits and overtime premiums for hours worked in excess of forty (40) hours per weeks, eight (8) hours per day, hours worked on Saturday and Sunday and hours worked during the evening.  CE Solutions' failure to pay Plaintiff and the other Flaggers proper prevailing wage rates, supplemental benefits, and overtime premiums, was a corporate policy that applied to all Flaggers.

39.     As employees of CE Solutions who were assigned to work on publicly- financed projects, Plaintiff and the other Flaggers were intended third-party beneficiaries of Defendant's Public Works Contracts.

40.     As required by law, a schedule concerning the prevailing rates of wages and supplemental benefits ("prevailing wage schedules") to be paid to Plaintiff and the other Flaggers should have been annexed to and formed a part of the Public Works Contracts.  If not annexed to the Public Works Contracts, these schedules were expressly or impliedly incorporated in the contracts as a matter of law and/or public policy.

41.     The promise to pay and ensure payment of the prevailing wage and supplemental benefit rate stated in the Public Works Contracts was made for the benefit of all workers, who like Plaintiff, have furnished labor on behalf of government agencies on the New York City roadways and Westchester County roadways.  As such, Plaintiff and the other workers furnishing labor on New York City roadways and Westchester County roadways are the beneficiaries of that promise

and the contracts entered into between CE Solutions and the government agencies.

42.    In furtherance of the Public Works Contracts entered into by CE Solutions, Plaintiff and the other Flaggers performing flagging tasks, including, but not limited to, directing the flow of construction equipment and workers, and setting up barrier and safety tape on and around the construction job sites.

43.    In accordance with prevailing wage rates, Plaintiff and the other Flaggers working for CE Solutions should have been paid, but were not paid, for their work on Public Works Contracts with New York City as follows:

      a.    July 1, 2016 through June 30, 2017: $41.48 plus $38.95 in supplemental benefits per hour;

      b.    July 1, 2017 through June 30, 2018:  $41.98 plus $40.98 in supplemental benefits per hour;

      c.    July 1, 2018 though June 30, 2019: $42.98 plus $$43.01 in supplemental benefits per hour;

      d.    July 1, 2019 through June 30, 2020: $42.98 plus $44.86 in supplemental benefits per hour;

      e.    July 1, 2020 through June 30, 2021: $43.48 plus $46.71 in supplemental benefits per hour; and

      f.    July 1, 2021 through June 30, 2022: $43.98 plus $48.51 in supplemental benefits per hour.

44.    Similarly, in accordance with prevailing wage rates, Plaintiff and the other Flaggers working for CE Solutions should have been paid, but were not paid, for their work on Public Works Contracts with Westchester County at the historical prevailing wage rates and the current prevailing wage rate, which is $38.33 per hour as of July 1, 2022.

## COLLECTIVE ACTION ALLEGATIONS

45.    Plaintiff incorporates by reference the foregoing allegations as if set forth herein,

46.    Plaintiff brings this action individually and as a representative for an FLSA

collective action for all persons working as Flaggers for CE Solutions at any time during the period from three years of the date of the filing of Plaintiff's complaint.

47.    Plaintiff and the other members of the proposed Collective are similarly situated and Plaintiff will prosecute this action vigorously on behalf of the members of the Collective.

48.    Plaintiff, through his counsel, will file a request under 29 U.S.C. Section 216 for this Court to provide other similarly situated current and former workers with notice and an opportunity to opt-in to this proceeding and to be subject to this Court's decision, or that of the fact finder, on the right to the wages and overtime described above.

## CLASS ACTION ALLEGATIONS

49.    Plaintiff incorporates by reference the foregoing allegations as if set forth herein.

50.    Plaintiff brings this action individually and on behalf of a Class comprised of the following:  All persons who work or have worked for CE Solutions as a Flagger in New York from November 21, 2016, the date this Complaint has been filed, until the date of final judgment in this matter.

51.     There are at least 200 persons, if not more, in the Class (the exact number will be in Defendant's records), and the Class is so numerous that joinder of all members is impracticable.

52.    Defendant has engaged in the same conduct towards Plaintiff and the other members of the Class by failing to pay them the applicable prevailing wages and/or failing to pay them hourly wages at time and a half for all hours worked in excess of forty (40) hours per week.

53.    The claims, defenses, and injuries of Plaintiff are typical of the claims, defenses, and injuries of the Class.

54.    The injuries and damages to Plaintiff and the Class present questions of law and fact that are common to each member of the Class, and that are common to the Class as a whole.

55.    Plaintiff will fully and adequately protect and represent the Class.

56.     The identity of all members of the Class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant.

57.     The prosecution of separate actions by each member of the Class would create a substantial risk of inconsistent or varying adjudications with regard to individual C l a s s members and would establish incompatible standards of conduct for Defendant.

58.     The maintenance of a Class action is the superior means of disposing of the common questions which predominate herein.


**COUNT ONE**
**Violation of Fair Labor Standards Act ("FLSA")**
**(Overtime Violations Brought On Behalf of Plaintiff and the Collective)**

59.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

60.     Defendant CE Solutions is an "employer" covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

61.     As employees of Defendant, Plaintiff and other persons who have worked as Flaggers for CE Solutions have worked in excess of forty (40) hours per week and were not paid overtime wages at time and a half for those excess hours.  Instead, Plaintiff and the other persons who have worked as Flaggers for CE Solutions were paid $15.00 per hour for all hours worked.

62.     Plaintiff and the other members of Collective do not qualify for any exemption from the minimum wage and overtime obligations imposed by the FLSA.

63.     Throughout Plaintiff's and the Collective members' employment, Defendant has known that Plaintiff and the Class were employees – not independent contracts – and have known that Plaintiff and the Collective are not exempt from the wage and overtime obligations imposed by the FLSA.  Defendant has known that it is required to pay Plaintiff and the Collective overtime wages at the rate of time and a half for hours worked over forty (40) hours in any

week.  In spite of such knowledge, Defendant willfully withheld and failed to pay overtime compensation to which Plaintiff and the other members of the Collective are entitled.

64.     Pursuant to the FLSA, Plaintiff and the Collective are entitled to at least overtime wages at a rate of one and one half times their hourly wage for all hours worked in excess of forty (40) hours per week.  Because the Defendant's failure to pay such overtime wages is willful pursuant to 28 U.S.C. § 255(a), Plaintiff and the Collective are entitled to overtime wages dating back three years.

65.     The identity of all members of the Collective is unknown at this time, but is known to Defendant, and is set forth in Defendant's records.  Plaintiff is entitled to review these records and identify the other members of the Collective who have a right to be provided with notice and an opportunity to join this action under the FLSA.

66.     The exact amount of overtime compensation that Defendant has failed to pay Plaintiff and the members of the Collective is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

67.     The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.  Plaintiff and the members of the Collective are entitled to review their records of hours worked to determine the exact amount of overtime and minimum wages owed by Defendant.  Absent Defendant keeping these records as required by law, Plaintiff and the members of the Collective are entitled to submit their information about the number of hours worked.

68.     Defendant's failure to pay Plaintiff and the other members of the Collective compensation in accordance with the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of the FLSA. Therefore, pursuant to 29 U.S.C. § 216(b), Plaintiff and the other members of the Collective are entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

69.     Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay proper compensation.  As such, Plaintiff is entitled to attorneys' fees and costs incurred pursuant to 28 U.S.C. § 216(b).

## COUNT TWO
### Violation of the New York Labor Law
### (Overtime Violations Brought On Behalf of Plaintiff and the Class)

70.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

71.      Defendant is an employer covered by  the New York Labor Law.

72.     As employees for Defendant, Plaintiff and the other members of the Class were not paid at a rate of time and a half for all hours worked in excess of forty hours per week.

73.     Plaintiff and the Class do not qualify for any exemption from the overtime requirements of the New York Labor Law.

74.     The exact amount of compensation, including overtime compensation that Defendants have failed to pay the Plaintiff and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants, or were not kept by Defendants.

75.     The New York Labor Law requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime wages owed by Defendant. Absent Defendant's keeping these records as required by law, Plaintiffs are entitled to submit their information about the number of hours worked.

76.     Defendant's failure to pay overtime was willful within the meaning of N.Y. Labor Law § 663 and supporting regulations of the New York State Department of Labor.

77.     As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages in an amount to be determined at trial, plus liquidated damages.

## COUNT THREE
### Violation of the New York Labor Law
### (Failure to Provide Wage Notice Brought On Behalf of Plaintiff and the Class)

78.      Plaintiff incorporates the foregoing allegations as if fully

79.      Defendant has failed to supply Plaintiff and the Class with a proper time of hire

wage notice as required by NYLL, Article 6, § 195(1), in English or in the language identified as

their primary language, containing, among other items:  the rate or rates of pay and the basis

thereof, whether paid by the hour, shift day, week, salary, piece, commission or other, allowances,

if any, claimed as part of the minimum wage, the regular pay day designated by the employer in

accordance with section one hundred ninety-one of this article; overtime rate; the name of the

employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address, if different; the

telephone number of the employer; plus such other information as the commissioner deems

material and necessary.

80.      Due to Defendant's violation of NYLL, Article 6, § 195(1), Plaintiff and the Class

are entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide

them with wage notices, or a total of five thousand dollars each, as well as reasonable attorney's

fees and costs provided for by the NYLL, Article 6, § 198(1-b).

## COUNT FOUR
### Violation of the New York Labor Law
### (Failure to Provide Accurate Wage Statements Brought On Behalf of Plaintiff and the Class)

81.      Plaintiff incorporates the foregoing allegations as if fully set forth herein.

82.      Defendant failed to supply Plaintiff and the Class with an accurate statement of

wages with every payment of wages as required by the NYLL, Article 6, § 195(3), listing dates of

work covered by that payment of wages; name of employee, name of employer, address and phone

of employer, rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

83.     Due to Defendant's violations of NYLL § 195(3), Plaintiff and the Class are entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorney's fees and costs as provided for by NYLL, Article 6, § 198.

**COUNT FIVE**
**Violations of the NYLL:  Unreimbursed Business Expenses**
**(Brought on Behalf of Plaintiff and the Class)**

84.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

85.     The NYLL and applicable regulations, including 12 N.Y.C.R.R. § 146-2.7(c), protect employees from incurring expenses in the course of their employment that result in the employee's rate of pay falling below the applicable minimum wage rate.

86.     Plaintiff and the other members of the Class incurred expenses including gas, mileage, tolls and vehicle maintenance in the use of their personal vehicles in the course of their employment, as required by Defendant, and also incurred additional expenses for the purchase of certain items required by Defendant for their work uniform, including, but not limited to, jeans and steel toed boots.  These expenses brought the wages of Plaintiff's and the other members of the Class below the applicable New York minimum wage rate.

87.     CE Solutions failed to reimburse Plaintiff and the other members of the Class for these expenses.

88.     As a result of CE Solutions' failure to reimburse Plaintiff and the other members of the Class for all business expenses that it required Plaintiff and the Class to incur, CE Solutions has violated, *inter alia*, 12 N.Y.C.R.R. § 146-2.7(c).  Plaintiff and the Class have suffered damages as

a result.

## COUNT SIX
### Breach of Contract
### (Brought on Behalf of Plaintiff and the Class)

89.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

90.     Upon information and belief, CE Solutions entered into valid and binding contract with the City of New York and the County of Westchester, and/or entered into subcontracts with the contractors for the City of New York and County of Westchester, to provide construction services for Public Works Contracts.  Pursuant to these Public Works contracts and subcontracts, CE Solutions provided Flaggers, including Plaintiff and other members of the Class, for these projects.

91.     The Public Works Contracts required the contractors and/or subcontractors to pay prevailing wages and supplemental benefits to all laborers, workers and mechanics working on the public works sites.

92.     The Public Works Contracts incorporated all requirements of the NYLL, including, but not limited to, the payment of prevailing wages under NYLL, § 220.

93.     As such, the Public Works Contracts intended, *inter alia*, for the payment of prevailing wages and supplemental benefits as a benefit for all laborers, workers, and mechanics who worked on the public work sites, including Plaintiff and the other members of the Class.

94.     This benefit to laborers was immediate, rather than incidental, and a material term of the Public Works Contracts.

95.     CE Solutions breached its Public Works Contracts with the City of New York and with the County of Westchester, and/or its subcontractor agreements with the primary contractor, by failing to ensure that Plaintiff and the other members of the Class received prevailing wages and supplemental benefits for all hours worked on public work sites.

96.     As a result of CE Solution's breaches, Plaintiff and the other members of the Class

are entitled to recover their unpaid prevailing wages and supplemental benefits, interest, liquidated damages, and attorney's fees and costs in an amount to be determined at trial.

**COUNT SEVEN**
**(Failure to Pay Employee Benefits Under New York State Paid Family Leave and New York City Paid Sick Leave Laws)**
**(On behalf of Plaintiff and the Class)**

97.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

98.     As employees of CE Solutions, Plaintiff and other members of the Class are entitled to employee benefits mandated by New York State and New York City, including the New York State Paid Family Leave Act and New York City Paid Sick Leave Act.

99.     CE Solutions fails to provide paid benefits to Plaintiff and other eligible employee members of the Class as mandated by these New York State and City Laws.

100.     On October 20, 2022, Plaintiff's son was born.  On October 23, 2022, Plaintiff's requested ten days of paid time off under the New York State Paid Family Leave Act.  Plaintiff made his request in writing to CE Solutions.  Plaintiff's request was denied on the basis that CE Solutions only provides women employees with paid time off to bond with their newborn.

101.     Throughout his tenure with CE Solutions, Plaintiff also has requested paid sick leave under the New York City law.  His requests were routinely denied.

102.     As a result of CE Solutions failure to abide by the New York State Paid Family Leave Act and the New York City Paid Sick Leave Act, Plaintiff and other members of the Class have suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests this Court grant the following relief:

A.     That, at the earliest practical time, Plaintiff be allowed to give notice of this collective action to all Flaggers who presently, or have at any time during the three years

immediately preceding the filing of this action, worked for CE Solutions.  Such notice shall inform

them that this civil action has been filed, the nature of the action, and of their right to join this

lawsuit;

       B.      Unpaid overtime wages, and an additional and equal amount of liquidated damages,

pursuant to the FLSA;

       C.      Certification of this action as a class action pursuant to Rule 23 of the Federal Rules

of Civil Procedure;

       D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record

as Class Counsel;

       E.      Unpaid overtime wages, minimum wages, business expense reimbursements, and

liquidated damages permitted by law pursuant to the NYLL;

       F.      An award of monetary damages to be proven at trial for all unpaid prevailing wages

and supplemental benefits owed to Plaintiff and the Class;

       G.      Liquidated damages;

       H.      Statutory penalties of fifty dollars for each workday that Defendant failed to provide

Plaintiff and the Class with proper time of hire/annual wage notices, or a total of five thousand

dollars each, as provided by NYLL, Article 6, § 198;

       I.      Statutory penalties of two hundred and fifty dollars for each workday that

Defendant failed to provide Plaintiff and the Class with accurate wage statements, or a total of five

thousand dollars each, as provided for by NYLL, Article 6, §198.

       J.      Prejudgment and post-judgment interest;

       K.      Reasonable attorney's fees and costs of the action; and

       L.      Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated:  November  29, 2022
         New York, New York

GISKAN   SOLOTAROFF   &   ANDERSON
LLP

*/s/ Catherine E. Anderson*
Catherine E. Anderson
canderson@gslawny.com
90 Broad Street, Second Floor
New York, New York 10004
(212) 847-8315

*Counsel for Plaintiff, the Collective and Class*