UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK

------------------------------x

DAVID HALLIDAY, individually and on behalf of
all others similarly situated,

        Plaintiff,

  v.

CE SOLUTIONS GROUP, LLC, CE SOLUTIONS,
INC., CE FLAGGING PLUS CORP., CE RESERVE
CORP., ARGANI, INC., HASSAN SABLINI, and
JEANNINE NAPOLEONE-COLBERT,

        Defendants.

------------------------------x

Case No.: 1:22-cv-10131

[PROPOSED]
**JUDGMENT PURSUANT TO RULE 68**

    **WHEREAS,** on November 29, 2022[1] Plaintiff Halliday filed this action alleging violations of state and federal labor and employment law.

    **WHEREAS,** on Friday, April 21, 2023, pursuant to Fed. R. Civ. P. 68, the defendants CE SOLUTIONS GROUP, LLC, CE SOLUTIONS, INC., CE FLAGGING PLUS CORP., CE RESERVE CORP., ARGANI, INC., HASSAN SABLINI, and JEANNINE NAPOLEONE-COLBERT (hereafter, "Defendants") served on Plaintiff an Offer of Judgment in favor of Plaintiff; and

    **WHEREAS,** on April 26, 2023 Plaintiff Halliday accepted Defendants' offer.

    **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    Defendants shall pay Plaintiff Halliday the total sum of Forty

---

[1] The Complaint was originally filed on November 29, 2022 Dkt. No. 1], re-filed on December 2, 2022 [Dkt. No. 10] and re-filed for the final time on December 6, 2022 [Dkt. No. 18] pursuant to this Court's "Notice to Attorney Regarding Deficient Pleading".

Thousand Dollars and 00/100 ($40,000.00) including attorneys' fees, expenses and costs to the date of the offer, pursuant to the Rule 68 Offer of Judgment.

2. This judgment shall be in full satisfaction of all federal and state law, claims or rights to damages that Plaintiff Halliday has alleged in the Action or may otherwise maintain, or any other form of relief, arising out of the alleged acts or omissions of Defendants or any official, employee, or agent, either past or present, of Defendants or any agency thereof, in connection with the facts and circumstances that are the subject of this Action.

3. The offer of judgment was made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission of liability by any defendant, or an official, employee, or agent of the Defendants, or any agency thereof; nor is it an admission that Plaintiff Halliday has suffered any damages.

4. Acceptance of the offer of judgment has acted to release and discharge defendants; their successors or assigns; and all past and present officials, employees, representatives, and agents of the Defendants, or any agency thereof, from any and all claims that were or could have been alleged by Plaintiff Halliday in the above-referenced Action. Acceptance of the offer of judgment has waived Plaintiff Halliday's rights to any claim for interest on the amount of the judgment.

SO ORDERED

                                                  _____
                                                  Gabriel W. Gorenstein
                                                  United States Magistrate Judge